## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

QUANTIFI, INC.,                      :

       Plaintiff,             :

                            :    CIVIL ACTION
v.                          :    NO. _____

QUANTIFI, INC., and JONATHAN  :
HUBARTT                      :

       Defendants.          :
_____

## COMPLAINT AND JURY DEMAND

Plaintiff Quantifi, Inc. ("Plaintiff") files this Complaint against defendants Quantifi, Inc. and Jonathan Hubartt (referred to herein each as a "Defendant," and collectively, as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for trademark infringement, false designation of origin and unfair competition under the Federal Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"); violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and for trademark infringement and unfair competition under New York State common law.

## PARTIES

2.    Plaintiff is a corporation organized and existing under the laws of the State of New Jersey with a place of business at 276 5th Avenue, New York, New York 10001. Plaintiff has for over 15 years been engaged in the development, marketing, advertising, distribution, and sale of various products and services including, among others, computer programs, research and

1602547

development, analysis, reporting, risk management, and trading to corporations, banks, investment managers, hedge funds, and insurance companies as well as various other products and services related or complementary thereto.

3.     Plaintiff has grown to be a global company serving over 180 clients across 40 countries global offices located in New Jersey, New York, London, Sydney, Paris, and Frankfurt. While Plaintiff's clients are worldwide, a substantial portion of its customer base is located in New York.  Approximately sixty-five percent of Plaintiff's global client base and approximately ninety percent of its U.S. client base is located in New York.

4.     Plaintiff has used the trademark QUANTIFI continuously since at least 2002. Plaintiff also owns a federally registered trademark for QUANTIFI SOLUTIONS (U. S. Registration Number 3289687) that has been declared incontestable by the United States Patent and Trademark Office.  A copy of the registration certificate for the QUANTIFI SOLUTIONS trademark is attached hereto as **Exhibit A**.  The trademarks are collectively referred to herein as the "QUANTIFI Trademarks."

5.     Upon information and belief, Defendant Quantifi, Inc., is a Delaware corporation with a principal place of business located at 55 Monument Circle, Suite 1400, Indianapolis, IN 46204.  Defendant Quantifi, Inc. has recently starting using an identical trademark, QUANTIFI in connection with its services.

6.     Upon information and belief, Defendant Jonathan Hubartt is an individual and resides at 4128 Broadway St., Indianapolis, Indiana 46205.

## JURISDICTION AND VENUE

7.     This is an action in which Plaintiff seeks monetary and injunctive relief from Defendants pursuant the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, New York common law.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §1331, and 28 U.S.C. § 1338(a), as this action involves federal questions regarding the Defendants' violations of federal law, specifically the Lanham Act.  In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to claims arising under state law which are so related to the federal claims brought herein as to form part of the same case or controversy.

9.      This Court has personal jurisdiction over Defendants pursuant to N.Y. CPLR §§302(a) because, on information and belief, Defendants have committed trademark infringement and other tortious acts within the State of New York and without the State of New York causing injury to Plaintiff within the State of New York.

10.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

11.     Since 2002, Plaintiff has continuously used the QUANTIFI trademark in commerce as its house mark, and therefore has established common law trademark rights in QUANTIFI.

12.      Plaintiff has used the QUANTIFI trademark in connection with computer programs for derivative modeling and risk analysis for credit markets, as well as research and development, analysis, reporting, risk management, and trading to corporations, banks, investment managers, hedge funds, and insurance companies.

13.     Since October 2003, Plaintiff has continuously used its QUANTIFI SOLUTIONS mark in commerce, and therefore has established common law trademark rights in QUANTIFI SOLUTIONS.

14.    In addition to its common law trademark rights, on September 11, 2007 Plaintiff obtained federal registration of the QUANTIFI SOLUTIONS mark in Class 9 for "[c]omputer programs for derivative modeling and risk analysis for credit markets" and in Class 42 for "[c]omputer consulting services in support of derivative modeling and risk analysis for credit markets."

15.    Plaintiff's QUANTIFI SOLUTIONS mark is uncontestable under 15 U.S.C. § 1065.

16.    Plaintiff also owns the domain name, quantifisolutions.com, which was created in August 2002.  Plaintiff has continuously used this domain name as its website.

**A.  Plaintiff's Market Presence**

17.    Plaintiff's clients span across industries, including five of the six largest global banks, two of the three largest asset managers, leading hedge funds, insurers, pension funds, corporations, and other market participants.  Plaintiff identifies some of these clients on its website at www.quantifisolutions.com/clients.

18.    While Plaintiff's marketing and promotional efforts target these customers globally, Plaintiff mainly conducts its marketing through a direct sales approach by its U.S. sales team based in its New York office.  Plaintiff also hosts an annual risk conference in New York for its clients, prospective clients, and other industry participants.

19.    Through its efforts and investment, Plaintiff has developed an excellent reputation in the United States and abroad. Plaintiff has also received accolades from financial, risk management, trading, and insurance industries.  In this year alone, Plaintiff has received a variety of industry recognitions and awards including Best Risk and Technology Firm in the Insurance Investment Exchange Awards 2017; top Energy Trading and Risk Management platform for "credit risk" in the Energy Risk 2017 Software Rankings; Best Multi-Asset Trading & Portfolio

Management System in Corporate Vision's Technology Innovator Awards; Pricing &
Structuring Firm of the Year at the Finance Monthly Fintech Awards; "Best-of-Breed" Provider
by Chartis for commodity trading risk management; Category Leader in the XCelent Awards for
the Fundamental Review of the Trading Book Solutions; shortlisted for Best Risk Management
Software and Best Risk Management Product in the HFM US Hedge Fund Technology Awards;
Operational Risk Technology of the Year at the CIR Risk Management Awards.

20.    Plaintiff has also formed partnerships with various corporations to open up access
to new markets and industries.  According to Plaintiff's own website, the "data and/or
technology integration partnership creates mutual brand awareness and credibility.  Combining
Quantifi's risk analytics and trading solution with [a partner's] service, advisory, and integration
engagements opens up access to new markets and industries." *See*
https://www.quantifisolutions.com/partners).  These reputable partners include Bloomberg, Intel,
Microsoft, and Deloitte, among others.

21.    Plaintiff has become a recognized expert combining its financial and capital
markets experience with its technology expertise.  It has achieved success through its substantial
investment in technology and client development on a global scale.  Indeed, approximately sixty-
percent of Plaintiff's revenue is dedicated to research and development, which includes artificial
intelligence.

22.    Accordingly, Plaintiff has demonstrated that its QUANTIFI Trademarks are
inherently distinctive and have enjoyed substantial commercial and recognition thereby
rendering its trademarks extremely strong.

B. **Defendants' Infringing Conduct**

23. Defendants have advertised and marketed its services under the infringing name QUANTIFI, through its infringing website, www.quantifi.ai, and through digital advertising tools such as Google AdWords.

24. Defendant Quantifi, Inc. filed a trademark application (U.S. Serial No. 87298455) seeking to register the mark QUANTIFI, a mark identical to Plaintiff's mark.

25. According to Defendant Quantifi, Inc.'s trademark application, its use of the QUANTIFI mark began on September 22, 2016 in connection with "[s]oftware as a service (SaaS) services for use in automating the management, execution, and optimization of digital advertising experimental campaigns."

26. Based on Defendant Quantifi, Inc.'s trademark application, Plaintiff is the senior user of the mark because Plaintiff began using its QUANTIFI trademarks about fourteen years before Defendant.

27. Defendant Quantifi, Inc.'s QUANTIFI trademark is identical to Plaintiff's QUANTIFI trademark and is substantially and confusingly similar to Plaintiff's QUANTIFI SOLUTIONS trademark in which QUANTIFI is the dominant portion of the mark.

28. According to public records with whois.net, the domain name, quantifi.ai ("Infringing Domain Name"), is owned by Defendant Hubartt.

29. Upon information and belief, Defendant Hubartt is the Design Director of High Alpha Studio, LLC, a co-founder of Defendant.  He is also the Design Director of TheNewNewThing.com, a blog owned and operated by Defendant.

30. At all times material and relevant hereto, Defendant Hubartt acted as Defendant Quantifi, Inc.'s officer, agent, and/or employee, under Defendant Quantifi, Inc.'s control or

right to control and in furtherance of its business, including registration of the Infringing Domain Name.

31. Upon information and belief, Defendants have used the designation quantifi.ai, which entirely incorporates Plaintiff's QUANTIFI trademark, as a trademark used in connection with its goods and services in interstate commerce.  Upon further information and belief, Defendants would have discovered Plaintiff's domain name and use of its trademarks in its domain name and website through Defendants' search of available domain names in the process of selecting the Infringing Domain Name.  Yet, despite having such knowledge, Defendants willingly and intentionally chose to incorporate Plaintiff's QUANTIFI trademark in its entirety into Defendants' domain name.

32. Defendant Quantifi, Inc. uses Plaintiff's QUANTIFI trademark as part of its advertising strategy through Google AdWords.  For example, prior searches of "quantifi" and "quantifi inc" in a Google search have resulted in a sponsored advertisement by Defendant Quantifi, Inc. followed by search results affiliated with Plaintiff's website.  Defendant Quantifi, Inc.'s Google advertisement states "Quantifi – Marketing R&D Tools – Demo Sign Up – quantify.ai," which, among other things, improperly uses Plaintiff's QUANTIFI trademark and invites users to sign up for a demonstration.  Copies of prior searches conducted using these search terms are attached hereto as **Exhibit B**.

C. **Actual Confusion**

33. Plaintiff has learned of several instances of actual confusion arising from Defendant Quantifi, Inc.'s use of the trademark QUANTIFI.

34. In April 2017, an employee of Plaintiff was contacted by an employment recruiter offering to provide services to Plaintiff after seeing a job posting on Defendant Quantifi, Inc.'s website.

35. In June 2017, Defendant Quantifi, Inc.'s own founder, R.J. Taylor similarly mentioned Plaintiff's Twitter handle, @Quantifi, in a conversation on Twitter when he intended to mention his own company's Twitter handle, @QuantifiAI. It is apparent that since the founding member of Defendant Quantifi, Inc. was confused by use of the trademark, and whose confusion was published on Defendant Quantifi, Inc.'s Twitter account, others in the market will be confused.

36. In June 2017, an individual identified as M.T. Ray on Twitter mentioned Plaintiff's Twitter handle, @Quantifi, in a conversation on Twitter when she intended to mention Defendant Quantifi, Inc.'s Twitter handle, @QuantifiAI.

37. In June 2017, a Twitter account identified as @TechPointInd also mentioned Plaintiff's Twitter handle @Quantifi in a conversation on Twitter when it intended to mention Defendant Quantifi, Inc.'s Twitter handle.

38. These instances of actual confusion are strong proof of the probability of confusion in the marketplace.

39. Defendants' aforementioned unlawful acts have caused, and will continue to cause irreparable harm to Plaintiff and its QUANTIFI Trademarks, and to the business and substantial goodwill represented thereby.  Plaintiff has no adequate remedy at law because said acts damage and will continue to damage Plaintiff unless restrained by the Court.

## COUNT I

**Trademark Infringement - Violation of Section 32(1) of the Lanham Act**

40.   Plaintiff repeats the foregoing allegations as though same were set forth at length herein.

41.   Defendants' advertisement and marketing of services under the QUANTIFI trademark has caused and is likely to continue to cause confusion, to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

42.   Defendants' use of the exact mark QUANTIFI in connection with software products automating the management of digital advertising experimental campaigns in similar markets will undoubtedly cause confusion among prospective consumers.

43.   Defendants' activities were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's legal rights.

44.   Plaintiff has no adequate remedy at law.  Plaintiff's conduct has caused, and, if not enjoined, will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

45.   Due to Defendants' violations of the Lanham Act, Plaintiff is entitled to injunctive relief, actual, compensatory and punitive damages in an amount to be determined at trial, disgorgement of Defendant's profits, attorneys' fees, costs and disbursements.

## COUNT II

**False Designation of Origin - Violation of Section 43(a) of the Lanham Act**

46.   Section 43(a) of the federal Lanham Trademark Act provides:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or

9

misleading description of fact or false or misleading representation of fact, which — (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or — (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. 15 U.S.C.A. § 1125(a).

47.    Defendants' advertisement and marketing of services using the trademark QUANTIFI constitutes false designations of origin, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Quantifi, Inc.'s services with Plaintiff, or as to the origin, sponsorship, or approval of Defendant Quantifi, Inc.'s services, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

48.    Defendants' unauthorized use of the QUANTIFI Trademarks in connection with promotion or sale of their services falsely suggests that these services are connected with, sponsored by, affiliated with, or related to, Plaintiff.

49.    Defendants' actions have continued in spite of its knowledge that the use of any of Plaintiff's QUANTIFI Trademarks, or any reproductions, counterfeits, copies, or colorable imitations of such trademarks, is in violation of Plaintiff's rights.

50.    Defendants' actions were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's legal rights.

51.    Plaintiff has no adequate remedy at law.  Defendants' conduct has caused, and, if not enjoined, will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

52.   Due to Defendants' violations of the Lanham Act, Plaintiff is entitled to injunctive relief, actual, compensatory and punitive damages in an amount to be determined at trial, disgorgement of Defendants' profits, attorneys' fees, costs and disbursements.

## COUNT III

### Cybersquatting - Violation of the Anticybersquatting Consumer Protection Act Under Section 43(d) of the Lanham Act

53. Plaintiff repeats the foregoing allegations as though same were set forth at length herein.

54. The Infringing Domain Name that the Defendants have registered under the domain name, quantifi.ai, is confusingly similar to Plaintiff's QUANTIFI Trademarks.

55. Defendants have a bad faith intent to profit from the registration and use of the Internet domain name, quantifi.ai, by creating an association with Plaintiff's distinctive QUANTIFI Trademarks as to source, sponsorship, or association.

56. Plaintiff has been damaged by Defendants' unlawful use of the Infringing Domain Name and will suffer irreparable harm.

57. Defendants' acts set forth herein are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## COUNT IV

### Trademark Infringement in Violation of New York State Common Law

58.   Plaintiff repeats the foregoing allegations as though same were set forth at length herein.

59.   Defendants' actions discussed herein constitute trademark infringement and unfair competition under New York law.

60.     Plaintiff owns all right, title and interest in and to the QUANTIFI Trademarks, including all common law rights in these trademarks.

61.     Defendants' goods and services incorporate Plaintiff's common law trademarks and/or variations, and imitations thereof.

62.     Defendants' use of Plaintiff's trademarks and/or variations and imitations thereof is unauthorized, and is likely to cause consumer confusion.

63.     By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

64.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff's trademark rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.  Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT V

## Unfair Competition Claim in Violation of New York Common Law

65.     Plaintiff repeats the foregoing allegations as though same were set forth at length herein.

66.     Defendants have used and continue to advertise, promote, market, and offer for sale their goods and services in connection with confusingly similar marks and its Infringing Domain Name, improperly trading upon Plaintiff's goodwill and valuable rights in and to the QUANTIFI Trademarks.

67.     Defendants' false and misleading use of similar marks, including in the Infringing Domain Name, is deceptive conduct that is likely to deceive purchasers and potential purchasers of Plaintiff's goods and services.

68.     Defendants' actions have continued despite its knowledge that the use of any of Plaintiff's QUANTIFI Trademarks, or any reproductions, counterfeits, copies, or colorable imitations of such trademarks, is in violation of Plaintiff's rights.

69.     Defendants' actions were committed willfully, knowingly, maliciously, in bad faith and in conscious disregard of Plaintiff's legal rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York.

70.     By the acts described above, Defendants have engaged in unfair competition in violation of the common law of the State of New York.

71.     Defendants acts have caused and will continue to cause irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

72.     By the acts described above, Plaintiff is entitled to injunctive relief, actual, compensatory and punitive damages in an amount to be determined at trial, disgorgement of Defendants' profits, attorneys' fees, costs and disbursements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.     A preliminary and permanent injunction restraining Defendants from:

    (a) Directly or indirectly infringing Plaintiff's registered or common-law trademarks in any manner, including but not limited to, manufacturing, distributing, advertising, selling, or offering for sale any products or services that infringe such trademarks; and

    (b) Using the QUANTIFI Trademarks or any reproduction, counterfeit, copy, or colorable imitation of such mark and the Internet domain name quantifi.ai in connection with the manufacture, distribution, advertising, display, marketing, sale, offering for sale, or other use of any product or service; and

13

(c) Using any word, term, name, symbol, or device, or any combination thereof, on any product or its packaging or labeling or using any false designation of origin, false, or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants' products or services by Plaintiff; and

(d) Seeking any trademark registration for the QUANTIFI or QUANTIFI SOLUTIONS trademarks or any variation, reproduction, counterfeit, copy, or colorable imitation of such mark.

2. An Order that Plaintiff be authorized to seize any other products that reproduce, copy, counterfeit, imitate, or bear any of Plaintiff's trademarks, trade names, logos, designs, or trade dress, which are in Defendants' possession, custody, or control;

3. An Order requiring Defendant Quantifi, Inc. to abandon its pending application before the United States Patent and Trademark Office (Serial No. 87298455);

4. An Order deeming this case an exceptional case pursuant to 15 U.S.C. § 1117(a) and (b), and that Defendants be deemed liable for and be ordered to pay Plaintiff, in addition to the aforesaid damages, Plaintiff's costs and attorneys' fees, and that the amount of actual damages be trebled;

5. An Order requiring Defendants to relinquish all rights in the Internet domain name quantifi.ai, and directing Defendants to transfer the Internet domain name to Plaintiff;

An award of actual and compensatory damages;

6. An accounting of Defendants' profits realized in connection with the sale of counterfeit or infringing products or services, and an award in such amount to Plaintiff;

7. An award to Plaintiff of exemplary damages;

8.     A recovery of compensatory punitive damages for Defendants' willful and malicious actions; and

9.     Such other and further relief as the Court may deem just and necessary.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

NORRIS MCLAUGHLIN & MARCUS, P.A.

By: _____*/s/ Danielle M. DeFilippis*_____
       Danielle M. DeFilippis
       Stephanie S. Spangler
       Norris McLaughlin & Marcus, P.A.
       875 Third Avenue, 8th Floor
       New York, New York 10022
       Telephone: (212) 808-0700
       Facsimile:  (212) 808-0844